USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 11/22/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

JOHN DOE,

Plaintiff,

-v-

WELLS FARGO N.A.,

Defendant.

---------------------------------------------------------------- X

1:26-cv-5807-GHW

MEMORANDUM OPINION & ORDER

GREGORY H. WOODS, United States District Judge:

## I. INTRODUCTION

Plaintiff "John Doe" was an employee of Defendant Wells Fargo N.A. Plaintiff alleges that over the course of his employment, he uncovered a scheme by Defendant to manipulate the market. Following his discovery, Plaintiff filed internal complaints with the company about his concerns. Plaintiff alleges that shortly after he filed his complaints, Defendant Wells Fargo began to investigate Plaintiff for plagiarism. That investigation ultimately resulted in Plaintiff's termination from the company. Shortly after Plaintiff was fired, Defendant filed a "U5 termination report" with the Financial Industry Regulatory Authority. That report is publicly available on Plaintiff's BrokerCheck profile, and states that Plaintiff was terminated for failing to adhere to Defendant's standards regarding company publications. Plaintiff alleges that as a result of that report, he lost job opportunities with three potential employers in his field.

Plaintiff filed this case as a result, asserting that Defendant retaliated and discriminated against him for his activities as a whistleblower. He wishes to litigate this action under the pseudonym John Doe. According to Plaintiff, using his real name in this case will damage his professional reputation in a niche market and continue to harm him in the same way that the U5 termination report did. However, Plaintiff's concerns are economic and reputational in nature, and

he has not shown that there are any exceptional circumstances that justify allowing him to proceed under a pseudonym. Because Plaintiff has failed to overcome the presumption that parties must litigate in their own names, Plaintiff may not proceed pseudonymously.

## II. BACKGROUND

Plaintiff joined Wells Fargo in September 2023. Dkt. No. 1 ("Compl.") ¶ 14; Dkt. No. 6 ("Doe Aff.") ¶ 1. Plaintiff alleges that over the course of his employment he discovered that Defendant was engaged in a scheme to manipulate the bond market and suppress material market information. Doe Aff. ¶¶ 8–9; Compl. ¶¶ 28, 30. Plaintiff raised internal complaints reporting his observations. Doe Aff. ¶ 15; Compl. ¶ 53. Around March 2025, Defendant initiated a plagiarism investigation against Plaintiff that ultimately resulted in Defendant firing Plaintiff in April of the same year. Doe Aff. ¶¶ 30, 37; Compl. ¶¶ 57, 65.

Defendant then filed a U5 termination report[1] ("Form U5") with the Financial Industry Regulatory Authority ("FINRA"), stating that Plaintiff was "[t]erminated due to failure to adhere to Wells Fargo standards regarding company publications." Doe Aff. ¶ 38; Compl. ¶ 66. The Form U5 is available on Plaintiff's FINRA BrokerCheck profile and is accessible to prospective employers. Doe Aff. ¶ 38. Because of his termination and the filing of the Form U5, Plaintiff alleges that UBS, JPMorgan, and RBC Capital Markets "withdrew from recruitment discussions" with Plaintiff. Doe Aff. ¶ 39; Compl. ¶ 67. He also alleges that as a result of Defendant's actions, he has suffered "profound feelings of depression, anxiety, loss of self-esteem, demoralization, loss of confidence, difficulty sleeping, and recurring nightmares," as well as "physical manifestations of stress, depression, anxiety, panic attacks, insomnia, isolation, lethargy, and feelings of dread, and

[1] Plaintiff's complaint, motion to proceed under a pseudonym, and John Doe's affidavit refer to the termination report as a "U4" termination report. However, the parties have noted in their subsequent briefing that Defendant filed a "U5" termination report, and the Court will refer to it as such. Dkt. No. 11 ("Opp.") at 7; Dkt. No. 18 ("Reply") at ECF page 10 n.1.

hopelessness." Doe Aff. ¶¶ 42–43.

On July 8, 2026, Plaintiff commenced this action against Defendant claiming that Defendant discriminated and retaliated against him in violation of the Sarbanes Oxley-Act, 18 U.S.C. § 1514A and the New York Labor Law, § 740(2). Compl. ¶¶ 76–92. On the same day, Plaintiff filed a motion to proceed under a pseudonym. Dkt. No. 4; Dkt. No. 5 ("Mem."). Plaintiff argues that his motion should be granted because litigating under his own name will cause him significant reputational harm in a niche professional field. He primarily argues that the Form U5 has already caused him significant harm, and that this litigation will create a second permanent record of Defendant's characterization of Plaintiff's employment that will continue to harm Plaintiff. He also argues that there is a statutory interest in allowing whistleblowers to litigate pseudonymously, and that requiring him to litigate under his own name would chill future whistleblower actions.

On July 13, 2026, Defendant filed its opposition to Plaintiff's motion. Dkt. No. 11 ("Opp."); Dkt. No. 12 ("Daves Decl."). Defendant argues that requiring Plaintiff to litigate under his own name only threatens Plaintiff's profession and reputation, which are not concerns that can justify granting this motion. Additionally, Defendant argues that Plaintiff's alleged professional harms are speculative and that Plaintiff's alleged mental harms are uncorroborated. Defendant also argues that because Plaintiff has already voluntarily revealed his identity in another public proceeding, he should not be permitted to obscure it in this case. On July 17, 2026, Plaintiff filed his reply. Dkt. No. 18 ("Reply").

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that "all the parties" be named in the title of the complaint. "This requirement, though seemingly pedestrian, serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188-89 (2d Cir. 2008). "[P]seudonyms are the exception

and not the rule," and a party seeking to "receive the protections of anonymity . . . must make a case rebutting" the "presumption of disclosure." *United States v. Pilcher*, 950 F. 3d 39, 45 (2d Cir. 2020) (per curiam).

"When determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff*, 537 F.3d at 189. This is a "factor-driven balancing inquiry [that] requires a district court to exercise its discretion in the course of weighing competing interests." *Id.* at 190.

The Second Circuit has adopted a non-exhaustive list of ten factors to guide courts in balancing "the plaintiff's interest in anonymity . . . against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. Courts should consider:

(1) "whether the litigation involves matters that are highly sensitive and of a personal nature;"

(2) "whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;"

(3) "whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;"

(4) "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;"

(5) "whether the suit is challenging the actions of the government or that of private parties;"

(6) "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;"

(7) "whether the plaintiff's identity has thus far been kept confidential;"

(8) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;"

(9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities;" and

(10) "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff."

*Id.* at 189-90 (internal quotations, alterations, and citations omitted). Courts are "not required to . . . use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191 n.4.

## IV. DISCUSSION

After considering these factors, the Court concludes that Plaintiff has not made a sufficient showing to demonstrate that this case should be treated as an exception to the general rule that parties must litigate in their own names. The Court reaches this conclusion based on an analysis of each of the ten *Sealed Plaintiff* factors, as described below.

### A. Whether the Litigation Involves Matters that Are Highly Sensitive and of a Personal Nature

The first *Sealed Plaintiff* factor weighs against allowing Plaintiff to proceed under a pseudonym. Cases related to birth control, abortion, homosexuality, welfare rights of illegitimate children, abandoned families, allegations of sexual assault, and allegations linking parties to pornography are highly sensitive and of a personal nature. *See, e.g.*, *N. Jersey Media Grp., Inc. v. Doe Nos. 1-5*, No. 12-CV-6152-VM-KNF, 2012 WL 5899331 (S.D.N.Y. Nov. 26, 2012); *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021); *Next Phase Distrib. v. Does 1-138*, No. 11-CV-9706-KF, 2012 WL 691830, at *2 (S.D.N.Y. Mar. 1, 2012). By contrast, allegations that carry "the potential for embarrassment or public humiliation do[] not, without more, justify a request for anonymity." *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019) (quoting *Abdel-Razeq v. Alvarez & Marsal, Inc.*, No. 14-CV-5601-HBP, 2015 WL 7017431, at *3 (S.D.N.Y. Nov. 12, 2015)). And courts "should not permit parties to proceed pseudonymously just to protect the parties' professional or

economic life." *Doe v. United States Servs. Life Ins. Co.*, 123 F.R.D. 437, 439 n.1 (S.D.N.Y. 1988); *see also Abdel-Razeq*, 2015 WL 7017431, at *4.

This case does not involve matters that are highly sensitive and of a personal nature. As Plaintiff recognizes, "this action arises in an employment and securities context, rather than one involving sexual abuse or medical history." Mem. at 6. Plaintiff's concerns are about his professional integrity and reputation. *Id.* Even though the facts underlying this case might be "reputationally harmful, they are not the type of intimate, highly personal matters–such as sexual assault or reproductive issues–that courts have found to favor anonymity." *Grow Universe Inc. v. Doe*, No. 25-CV-1861-GHW, 2026 WL 412637, at *3 (S.D.N.Y. Feb. 13, 2026); *see also Doe v. Kipp NYC Public Charter Schools*, No. 25-CV-1820-LTS, 2025 WL 1091344, at *3 (S.D.N.Y. Mar. 24, 2025) (finding that the defendants' "unspecified defamatory statements" against the plaintiff did "not establish claims of a highly sensitive nature" even though they "resulted in the loss of career opportunities, reputational damage, and severe emotional distress"). Therefore, the first factor weighs against Plaintiff's request to proceed under a pseudonym.

### B. Whether Identification Poses a Risk of Retaliatory or Mental Harm to the Party Seeking to Proceed Anonymously, or Whether Identification Presents Other Harms

The second and third *Sealed Plaintiff* factors weigh against allowing Plaintiff to proceed under a pseudonym. "[P]sychological harm is a class of injury that could justify pseudonymous litigation." *Doe v. Del Rio*, 241 F.R.D. 154, 161 (S.D.N.Y. 2006). But "claims of public humiliation and embarrassment are generally not sufficient grounds" for allowing a litigant to proceed anonymously. *See Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 226 (S.D.N.Y. 2015), *aff'd*, 672 F. App'x 48 (2d Cir. 2016). While a "sworn statement attesting to the likelihood of harmful psychological and emotional consequences" can support a finding of harm, *Del Rio*, 241 F.R.D. at 161, "mere speculation about a risk of psychological injury" cannot. *Doe v. Alexander*, No. 25-CV-2077-JPC, 2025 WL 1637941, at

*3 (S.D.N.Y. June 9, 2025) (quoting *Doe v. Weinstein*, 484 F. Supp. 3d 90, 95 (S.D.N.Y. 2020)). "Where a plaintiff claims that disclosure will harm that person's mental health, courts in this Circuit look for corroboration from medical professionals that detail the risk to plaintiff." *Doe v. Combs*, No. 23-CV-10628-JGLC, 2024 WL 863705, at *3 (S.D.N.Y. Feb. 29, 2024). Additionally, complaints of economic hardship and vague claims about one's professional reputation do not establish severe harm. *See Abdel-Razeq*, 2025 WL 7017431 at *4 (holding that the movant's "potential professional losses are not a compelling reason to grant her motion because she has not demonstrated any real, non-speculative, impact" that the litigation would have on her professional prospects).

Plaintiff's assertions of mental and emotional harm are uncorroborated. While Plaintiff's affidavit describes the mental and emotional harm he has suffered, he has not provided any corroboration from medical professionals that detail those harms, nor any corroboration that proceeding in this litigation under his real name will compound those preexisting harms.

Plaintiff's assertion that litigating this case under his name will cause him economic harm is speculative. Plaintiff alleges that Defendant's actions have already caused him concrete harm in the form of lost job opportunities, which suggests that his identity is already known to potential employers—indeed, he alleges that he has already lost job opportunities. Doe Aff. ¶ 39. Plaintiff has not provided support for the assertion that proceeding under his real name in this litigation would deprive him of future opportunities because the information about him is already available. The Form U5 is already publicly available and ties Plaintiff to Defendant's accusations of plagiarism. The Court appreciates that pursuing this litigation may make it easier for potential employers to find allegedly harmful information about Plaintiff. However, the exposure of this type of information does not weigh heavily against the presumption against pseudonymity. *See Doe v. Rockland County*, 25-CV-6598-CS, 2025 WL 3124671, at *2 (S.D.N.Y. Nov. 6, 2025) ([E]ven if Plaintiff provided evidence of social stigmatization or economic harm, including potential professional losses, such

allegations are generally insufficient to proceed anonymously."). Therefore, the second and third *Sealed Plaintiff* factors weigh against Plaintiff's request to proceed under a pseudonym.

### C. Whether the Plaintiff is Particularly Vulnerable to the Possible Harms of Disclosure, Particularly in Light of His Age

The fourth factor also weighs against permitting Plaintiff to proceed under a pseudonym. "[C]ourts have been readier to protect the privacy of infant plaintiffs than of adults . . . whether because children are conceived as more vulnerable or because the child whose privacy is at stake has not chosen for himself or herself to pursue litigation." *Del Rio*, 241 F.R.D. at 154. "[W]hen the plaintiff is an adult, the fourth factor weighs against anonymity because adults are not deemed to be particularly vulnerable to possible harms of disclosure." *Rockland County*, 2025 WL 3124671, at *2 (quoting *Perelman v. Visa USA, Inc.*, No. 25-CV-9743-JHR-KHP, 2025 WL 2962006, at *2 (S.D.N.Y. Oct. 20, 2025)). Plaintiff does not contend that he is vulnerable on account of age. Reply at ECF page 14.[2] Instead Plaintiff argues that he is vulnerable because he works in a specialized industry with a narrow market of prospective employers, and the reputational harm that could result from this action will follow him for the remainder of his career. Mem. at 8. That vulnerability is economic in nature, and as explained above, potential economic harm does not weigh heavily in favor of granting pseudonymity. *See Rockland County*, 2025 WL 3124671, at *2. Thus, the fourth *Sealed Plaintiff* factor weighs against allowing Plaintiff to proceed under a pseudonym.

### D. Whether the Suit is Challenging the Actions of the Government or that of Private Parties

The fifth factor also weighs against permitting Plaintiff to litigate this case under a pseudonym. Plaintiffs have a stronger interest in proceeding under a pseudonym when challenging the government. *EW v. New York Blood Center*, 213 F.R.D. 108, 111 (S.D.N.Y. Feb. 13, 2003).

---

[2] Because Plaintiff's reply brief does not have page numbers, the Court refers to the relevant page using the Electronic Case Files system stamp that appears at the top of the page.

Where an "action is brought against a private corporation rather than a governmental entity, [it is] a consideration that weighs against anonymity." *Jane Doe, N.G. 1 v. Apple Inc.*, No. 26-CV-6656-NSR, 2026 WL 2740233, at *2 (S.D.N.Y. Sept. 16, 2026). Here, because Plaintiff is suing a private party, this factor weighs against his request to proceed under a pseudonym.

**E. Whether Defendant Would Be Prejudiced by Allowing Plaintiff to Proceed Pseudonymously**

The sixth *Sealed Plaintiff* factor weighs against permitting plaintiff to litigate this case under a pseudonym. Permitting a party to litigate under a pseudonym presents an inherent risk of prejudice, as "concealing the name of a party could deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses." *Del Rio*, 241 F.R.D. at 159. The "asymmetry" between the parties can also "hinder 'the judicial interest in accurate fact-finding and fair adjudication.'" *See Doe v. Alexander*, No. 25-CV-2017-LJL, 2025 WL 1126617, at *3 (S.D.N.Y. Apr. 16, 2025) (quoting *Doe v. Combs*, 24-CV-8054-MKV, 2024 WL 4635309, at *5 (S.D.N.Y. Oct. 30, 2024)).

Plaintiff argues that "Defendant has been aware of Plaintiff's identity since the onset of his employment and throughout the OSHA administrative proceedings that preceded this action," and that therefore, "Defendant retains full ability to conduct discovery, depose witnesses and defend this matter with complete knowledge of his identity." Mem. at 12. Defendant's knowledge of Plaintiff's identity mitigates the risk of prejudice but does not eliminate it. *See Doe v. Townes*, No. 19-CV-8034-ALC-OTW, 2020 WL 2395159, at *6 (S.D.N.Y. May 12, 2026). Litigating against an anonymous plaintiff frequently requires the defendant to "'make redactions' and take other 'measures not to disclose plaintiff's identity,'" increasing "both the work required and the cost" of litigation. *See Doe v. Cigna Health & Life Ins. Co.*, No. 25-CV-7021-DEH-BCM, 2026 WL 21823, at *4 (S.D.N.Y. Jan. 2, 2026) (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006)).

Plaintiff's anonymity would constrain Defendant's ability to conduct discovery in the ordinary course. Those constraints impose a real burden that outweighs the mitigating effect of Defendant's knowledge of Plaintiff's identity. Therefore, this factor weighs against permitting Plaintiff to proceed pseudonymously.

**F. Whether the Plaintiff's Identity Has Thus Far Been Kept Confidential**

The seventh *Sealed Plaintiff* factor weighs against anonymity for Plaintiff because he has willingly disclosed his identity in proceedings related to this case by filing a complaint with the Occupational Safety and Health Administration ("OSHA") under his own name. Compl. ¶ 3; Daves Decl. ¶ 2. In general, if a plaintiff publicly discloses his identity during litigation, that fact weighs against his request to maintain anonymity because, "figuratively speaking, the cat is already out of the bag." *Corley v. Vance*, 15-CV-1800-KPF, 2015 WL 4164377, at *9 (S.D.N.Y. June 22, 2015). "Prior disclosure to the public of a plaintiff's identity effectively nullifies the shield of privacy provided by proceeding anonymously." *See Doe v. Cornell University*, 19-CV-1189-ML, 2021 WL 6128738, at *8 (N.D.N.Y. Jan. 28, 2021).

Here, Plaintiff has filed a public complaint with OSHA identifying himself. By failing to take adequate steps to preserve his confidentiality, this factor weighs heavily against allowing him to proceed under a pseudonym.

**G. Whether the Public's Interest in the Litigation is Furthered by Requiring the Plaintiff to Disclose His Identity**

The eighth *Sealed Plaintiff* factor weighs against allowing Plaintiff to proceed pseudonymously. In analyzing this factor, courts ask whether disclosure of the moving party's name would "enhance the public's understanding of the proceedings and the nature of the dispute." *See Alexander*, 2025 WL 1126617, at *4. In cases concerning the legal consequences of an undisputed event, the identity of the parties is "relatively immaterial." *See id.*; *see also EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) (noting that the plaintiffs have been permitted to litigate

pseudonymously in cases about legal ramifications of a medical procedure). By contrast, where a case "turns on the credibility of parties," "the public has a significant interest in open judicial proceedings and the public's interest in the litigation is furthered by transparency, including exposure of the parties' identities." *See Alexander*, 2025 WL 1126617, at *4 (quoting *Doe v. Leonelli*, No. 22-CV-3732-CM, 2022 WL 2003635, at *4 (S.D.N.Y. June 6, 2022)). This case turns on what the Court understands to be disputed factual allegations. This is a fact-intensive dispute "where credibility and intent are likely to be central," and therefore disclosure of Plaintiff's name "would enhance the public's understanding of the proceedings and the nature of the dispute." *See id.*

The possibility that disclosure of Plaintiff's identity would chill other potential whistleblowers does not provide sufficient justification to permit Plaintiff to litigate under a pseudonym in this case. Plaintiff's two principal arguments on this point are specious, because they are based on unfounded extrapolations from statutes that do not apply to this case. First, Plaintiff argues that "[f]orcing Plaintiff to litigate under his real name . . . recreates the exact chilling effect that Congress designed [18 U.S.C.] § 1514A to eliminate." Mem. at 11. What Plaintiff's argument ignores is that § 1514A does not provide litigants the right to litigate under a pseudonym. As a result, Congress cannot be said to have a designed the statute to have eliminate the norm that a plaintiff must litigate under his own name. Plaintiff's second argument—that 15 U.S.C. § 78u-6 reflects a "legislative judgment" that Plaintiff should be permitted to litigate his case under a pseudonym—lacks merit for a similar reason. That statute restricts the Securities and Exchange Commission from disclosing information that could reasonably be expected to reveal the identity of a whistleblower. 15 U.S.C. § 78u-6(h)(2)(A). But the statute's text provides no rights to Plaintiff in this case. The "surest guide to congressional intent" is the text and structure of a statute. *Mary Jo C. v. New York State and Loc. Ret. Sys.*, 707 F.3d 144, 168 (2d Cir. 2013). Because nothing in the statute's text or structure safeguards Plaintiff's anonymity in this action, Plaintiff's argument that the statute

reflects a Congressional intention to do so is not sound.

Balancing Plaintiff's specific interest against the public interest of disclosure, this factor weighs against allowing Plaintiff to proceed under a pseudonym. Therefore, this factor favors disclosure.

### H. Whether There is an Atypically Weak Public Interest in Knowing the Litigants' Identities

The ninth *Sealed Plaintiff* factor weighs against allowing Plaintiff to litigate this case under a pseudonym. Where a suit is against the government and raises an abstract legal question affecting many similarly situated individuals, the identities of the parties bringing the suit "may be largely irrelevant to the public concern with the nature of the process" and have "little bearing on the nature of the dispute or the merits of the case." *Del Rio*, 241 F.R.D. at 158. On the other hand, "where individual defendants are sued based not on abstract challenges to public policies but rather with regard to particular actions and incidents, open proceedings nevertheless benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication." *Id.* at 159. And the public's interest is not "atypically weak" where the "allegations are decidedly factual in nature." *Leonelli*, 2022 WL 2003635, at *4 (quoting *Rapp*, 537 F. Supp. 3d at 532).

Here, Plaintiff asserts fact-specific allegations concerning Defendant's conduct, which include allegations that Defendant suppressed material market information and retaliated against Plaintiff for whistleblowing. Because the issues presented turn on particular actions and incidents, the public interest in knowing the parties' identities is not "atypically weak." Therefore, this factor does not support permitting Plaintiff to proceed pseudonymously.

### H. Whether There Are Any Alternative Mechanisms for Protecting the Confidentiality of the Plaintiff

Finally, while the tenth *Sealed Plaintiff* factor ultimately weighs in favor of allowing Plaintiff to

litigate this case under a pseudonym, it does not swing the balance of the Court's analysis in favor of granting Plaintiff's motion. "Where there are 'less drastic remedies than blanket anonymity,' such as 'redactions to protect particularly sensitive information or a protective order,' this factor weighs against anonymity." *Grow Universe*, 2026 WL 412637, at *6. However, "the information [Plaintiff] seeks to protect is [his] identity," and more limited alternatives would not serve that purpose. *Id.* Therefore, there are no adequate alternatives for protecting the interests Plaintiff seeks to protect, and this factor weighs in favor of allowing Plaintiff to proceed under a pseudonym. "But where, as here, the plaintiff has failed to show that he is entitled to shield his identity, the fact that there are no alternative mechanisms for doing so adds little if anything to the calculus." *Doe v. Black Diamond Capital Management LLC*, No. 22-CV-3194-PGG-BCM, 2023 WL 2648017, at *6 (S.D.N.Y. Mar. 27, 2023).

After balancing the interests of Plaintiff, Defendant, and the public, the Court concludes that the relevant factors weigh against permitting Plaintiff to proceed pseudonymously in this case. Litigation under a pseudonym is the exception, not the rule, and this case is not exceptional.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed pseudonymously is DENIED. Plaintiff is directed to file an amended complaint that identifies Plaintiff, with no other substantive changes, within 7 days from the date of this Order. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 4.

SO ORDERED.

Dated: November 22, 2026
New York, New York

GREGORY H. WOODS
United States District Judge